UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO ARANZUBIA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>STEVEN MERLAK,<br><br>　　　　　Respondent. | No. 1:20-cv-00016-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[TWENTY-ONE DAY DEADLINE]** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On January 6, 2020, Petitioner filed the instant petition. He is in the custody of the Bureau of Prisons ("BOP") at the Taft Correctional Institution located in Taft, California. Petitioner challenges the computation of his federal sentence by the BOP. He claims the BOP wrongfully found him ineligible to receive extra time credits under the First Step Act. The petition is unexhausted. Therefore, the Court will recommend the petition be DISMISSED without prejudice.

**DISCUSSION**

**I.　　Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any

circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13. When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

According to the petition and attached exhibits, Petitioner submitted a BP-9 "Request for Administrative Remedy" on December 11, 2019. (Doc. 1 at 11.) Petitioner indicates the Warden denied the request on December 17, 2019. (Doc. 1 at 4.) It appears Petitioner has not sought further relief by filing a BP-10 "Regional Administrative Remedy Appeal or a BP-11 "Central Office Administrative Remedy Appeal." Therefore, the claims have not been administratively exhausted.

Petitioner claims exhaustion should be waived for futility because he is challenging an established BOP policy. This is pure speculation. It is an open question whether administrative appeals at higher levels will result in the same determination. In addition, time is not a factor since Petitioner's projected release date is August 22, 2022. By Petitioner's calculations, even crediting his sentence with the additional time credits will result in a projected release date of

June, 2021.  (Doc. 1 at 3.)

Although the exhaustion requirement is subject to waiver in § 2241 cases "it is not lightly to be disregarded." Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (citation omitted). A "key consideration" in exercising such discretion is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme[.]" Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks omitted). In this case, it is clear that Petitioner has deliberately bypassed the administrative review process.  Such action should not be condoned.  The Court finds the petition should be dismissed for lack of exhaustion.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust administrative remedies.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **January 9, 2020**                    /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE